■ BLUEBERRY INVESTORS COMPANY, Respondent, v ILANA REALTY, INC., et al., Appellants, et al., Defendants.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a counter judgment of the Supreme Court (Lefkowitz, J.), entered March 15, 1991 in Rockland County, which, *inter alia,* granted plaintiff's motion to confirm a Referee's report of sale in an action to foreclose a mortgage.

This action involves the foreclosure of three mortgage notes executed by defendant Ilana Realty, Inc. in favor of plaintiff. The first of these mortgages was made to secure a loan to Ilana Realty for $1,200,000. Payment and performance of this mortgage was guaranteed by defendants 202 Developers, Inc., Ilana Kwilecki, David Kwilecki and Danny Kwilecki. The note was also secured by a purchase-money mortgage on a riverfront property in the Town of Haverstraw, Rockland County. The second of the subject mortgages was a collateral mortgage executed in plaintiff's favor on January 29, 1988 to secure the same $1,200,000 debt. This note was secured by different property in the same town. On September 30, 1988, Ilana Realty and Ilana Kwilecki executed the third of the subject mortgages in plaintiff's favor for $150,000. This mortgage was secured by four additional parcels of property and guaranteed by David Kwilecki and Danny Kwilecki. The three mortgages were all fully due and payable on July 29, 1989, the first two having been previously extended and modified.

The July 29, 1989 due date came and went and the three

mortgages were in default. Nevertheless, by purchase and sale contract dated January 17, 1990, Ilana Realty agreed to sell the parcel secured by the first of the mortgages to Short Clove Associates, Inc. for $2,500,000, the closing to take place on March 17, 1990. Ilana Realty notified plaintiff of this contract. Approximately one month later plaintiff commenced this action and filed a notice of pendency. Following joinder of issue, the parties cross-moved for summary judgment. Supreme Court ultimately decided, *inter alia,* to grant plaintiff's motion for summary judgment and for the appointment of a Referee to compute the amount defendants owed to plaintiff. Defendants' attempt to stay the foreclosure action was unsuccessful and the Referee appointed by the court duly rendered a report computing the amount due to plaintiff. Plaintiff's motion for confirmation of the Referee's report, a judgment of foreclosure and appointment of a Referee for the sale of the original parcel secured by the first mortgage were granted by Supreme Court. Defendants now appeal from the counter judgment entered on this decision.

Initially, defendants contend that Supreme Court improperly denied their motion following joinder of issue for leave to amend their answer *(see,* CPLR 3025 [b]) to include three affirmative defenses. Defendants assert that their delay in requesting leave to amend was not a lengthy one and leave should have been freely given. In denying defendants' request, however, Supreme Court examined the proposed affirmative defenses *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, at 360-361) and found that they were "insufficient to defeat plaintiff's action". Because our review of the proposed amendments comports with that of Supreme Court, we must concur in that court's discretionary denial of defendants' motion *(see, Brown v Samalin & Bock,* 155 AD2d 407, 408).

In their first proposed affirmative defense, defendants submitted nothing more than conclusory allegations that plaintiff had unclean hands due to its alleged tortious interference with defendants' contract with Short Clove. Defendants' allegations regarding supposed dealings between these entities are far too speculative to support a defense of unclean hands and, even if true, do not establish the defense *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 182). Notably, in order to establish the affirmative defense of unclean hands, "the conduct relied on [must be] directly related to the subject matter of the litigation" *(Goldberg v Goldberg,* 173 AD2d 679, 680). Defendants' second affirmative defense

that the second mortgage note in plaintiff's favor "is void for lack of consideration on its face" is meritless because, even though the mortgage note does not recite the consideration, the mortgage executed at the same time as the mortgage note does *(see,* 77 NY Jur 2d, Mortgages and Deeds of Trust, §§ 63, 81, at 444-445, 463-464). As for defendants' claims in their third affirmative defense concerning the disposition of the property secured by the second mortgage, these arguments have been rendered moot by Supreme Court's judgment of foreclosure allowing for the sale of this property only if plaintiff applies for a deficiency judgment after the sale of the first property.

The remaining arguments raised by the parties have been examined and found to be unavailing. We reject defendants' contention that plaintiff did not establish its entitlement to summary judgment relief. The fact that plaintiff only submitted an affidavit from its attorney not based on personal knowledge did not mandate denial of plaintiff's motion in this case. This is because the affirmation of plaintiff's attorney was a "vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form' " *(Zuckerman v City of New York,* 49 NY2d 557, 563). As for defendants' claim that Supreme Court erred by confirming the Referee's report because the Referee failed to hold a hearing prior to issuance of the report, we do not agree. While, in general, such hearings are appropriate to settle disputed facts *(see,* CPLR 4311; 2 Mortgages and Mortgage Foreclosure NY § 33:17, at 130 [rev ed]), defendants admitted in their answer that they owed plaintiff $1,350,000 "with interest from November 1, 1989". Accordingly, the computation ordered by Supreme Court consisted solely of determining the amount of interest due plaintiff and, therefore, a hearing was not required *(see,* 2 Mortgages and Mortgage Foreclosure NY § 33:16, at 127-129 [rev ed]). Defendants' belated claim that they wanted to subpoena witnesses is hardly persuasive in view of their failure to disclose the alleged importance of such witnesses' testimony.

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the counter judgment is affirmed, with costs.