■ TRUSTCO BANK, NATIONAL ASSOCIATION, as Successor by Merger to HOME & CITY SAVINGS BANK, Appellant, v ALLISON ASSOCIATES et al., Respondents, et al., Defendants. [671 NYS2d 379] —Order unanimously reversed on the law without costs, motion granted, cross motion denied and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff bank appeals from an order that denied its motion for summary judgment against defendant Allison Associates (Allison) in this foreclosure action and that granted defendants' cross motion for leave to serve an amended answer with counterclaims and to consolidate this action with another foreclosure action by plaintiff against Victoria Associates (Victoria), a partnership consisting of the same partners as in the Allison partnership.

Plaintiff met its burden of establishing its entitlement to a judgment of foreclosure as a matter of law by submitting proof that Allison had defaulted on its mortgage (see, Mahopac Natl.

*Bank v Baisley,* 244 AD2d 466; *Chase Lincoln First Bank v Dietrick,* 184 AD2d 1032), and defendants failed to raise an issue of fact by the submission of evidentiary proof in admissible form (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendants alleged that they should be relieved of their default based upon plaintiff's "unclean hands" and unconscionable conduct. They also alleged that plaintiff's misapplication of insurance proceeds received as a result of a fire at an apartment complex owned by Victoria also had a negative financial impact on Allison, an interrelated partnership.

Defendants' argument lacks merit. It is well settled that a motion for summary judgment should be denied where the mortgagor asserts a bona fide defense such as unclean hands or unconscionable conduct on the part of the plaintiff (*see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183, *rearg denied* 57 NY2d 674). "[I]n order to establish the affirmative defense of unclean hands, 'the conduct relied on [must be] directly related to the subject matter of the litigation'" (*Blueberry Investors Co. v Ilana Realty,* 184 AD2d 906, 907). Here, however, defendants failed to establish a nexus between plaintiff's alleged misconduct and Allison's default (*see, Blueberry Investors Co. v Ilana Realty, supra,* at 907; *Chase Lincoln First Bank v Dietrick, supra*).

We therefore reverse the order, grant plaintiff's motion for summary judgment, deny defendants' cross motion and remit the matter to Supreme Court for the appointment of a Referee to compute the amount owed by defendants to plaintiff. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Balio and Boehm, JJ.