■ UNITED COMPANIES LENDING CORPORATION, Appellant, v KAREN T. CANDELA, Respondent, et al., Defendants. [740 NYS2d 543] —Appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered April 19, 2001, which denied plaintiff's motion seeking, inter alia, summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is granted in part and the matter is remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff is the holder of a note and mortgage executed by Karen T. Candela (defendant) and her ex-husband. Plaintiff commenced a foreclosure action in 1997 but settled the action and reinstated the mortgage in April 1999 after past due principal and interest payments were made. On January 21, 2000, plaintiff sent defendant a notice of foreclosure stating that defendant was in default and that the mortgage would be accelerated unless the default was cured within 30 days. Plaintiff also sought recovery of the costs and expenses deferred when the prior foreclosure action was settled. Plaintiff then commenced this action. In her answer, defendant asserted as affirmative defenses that plaintiff had failed to send her a written statement detailing the current status of the alleged amount due; that plaintiff failed to apply payments made by defendant; that plaintiff accepted late payments and thus waived any claim of default with respect to those payments; and that plaintiff violated the Federal Fair Debt Collection Practices Act (FDCPA; *see,* 15 USC § 1692 *et seq.*). Defendant further asserted the violation of the FDCPA as a counterclaim. Plaintiff moved, inter alia, for summary judgment on liability and appointment of a Referee to compute

the amount due on the mortgage, and an order striking defendant's affirmative defenses and counterclaim, as well as the remainder of the answer. Other relief sought in the motion is not addressed in the order on appeal or in plaintiff's brief.

Plaintiff contends that Supreme Court erred in denying its motion. We agree with plaintiff that it established its entitlement to judgment as a matter of law on the complaint and to dismissal of the affirmative defenses. With respect to the first affirmative defense, plaintiff submitted evidence that it gave defendant documents detailing the loan history, the amount due to reinstate the mortgage and the amount due to pay off the mortgage (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Defendant's allegation that the costs and expenses from the prior foreclosure action were not adequately itemized is insufficient to preclude summary judgment on liability for the costs and expenses provided for in the mortgage; plaintiff sought summary judgment on liability and the appointment of a Referee to determine the amount due.

The court further erred in failing to dismiss the second affirmative defense, alleging that plaintiff had failed to apply payments she had made on the mortgage. The record conclusively establishes that defendant was in default when the notice of foreclosure was sent on January 21, 2000. Although one payment was credited on January 27, 2000, another payment became due on February 1, 2000 and nothing more was tendered until February 25, 2000. Plaintiff was entitled to treat the mortgage as accelerated on February 20, 2000 and to return payments tendered after that date.

Plaintiff further established that its acceptance of late payments did not waive its claim of default, and thus the court erred in failing to dismiss the third affirmative defense. Under the terms of the note, "[e]ven if, at a time when [borrower is] in default, the Note Holder does not require [borrower] to pay immediately in full as described above, the Note Holder will still have the right to do so if [borrower is] in default at a later time." Thus, the acceptance by plaintiff of late payments during 1999 did not constitute a waiver of its right to assert a claim of default when defendant was in default in 2000. In any event, plaintiff established that it did not retain the allegedly late and insufficient payments made in October 1999 and February and March 2000 and thus cannot be said to have waived its right to assert a claim of default.

We further conclude that the court erred in failing to strike the fourth affirmative defense and counterclaim alleging a violation of the FDCPA. That act does not generally apply to a

creditor seeking to enforce a contract (*see,* 15 USC § 1692a [6] [F] [iii]; *see also, Maguire v Citicorp Retail Servs.,* 147 F3d 232, 235; *Wadlington v Credit Acceptance Corp.,* 76 F3d 103, 106).

We therefore reverse the order, grant that part of plaintiff's motion seeking summary judgment on liability and dismissal of the answer including the affirmative defenses and counterclaim, and remit the matter to Supreme Court to appoint a Referee to determine the amount due on the mortgage, including the costs and expenses provided for therein. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.