■ CREDIT-BASED ASSET SERVICING AND SECURITIZATION, LLC, Appellant, v WILLIAM G. GRIMMER, JR., et al., Respondents, et al., Defendants. [750 NYS2d 673] —Appeal from an order and judgment (one document) of Supreme Court, Steuben County (Latham, J.), entered November 26, 2001, which, inter alia, granted the cross motion of defendants William G. Grimmer, Jr., and Karen R. Grimmer for dismissal of the complaint against them.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the cross motion is denied, the complaint against defendants William G. Grimmer, Jr., and Karen R. Grimmer is reinstated, the motion is granted and the matter is remitted to Supreme Court, Steuben County, for further proceedings in accordance with the following memorandum: Plaintiff, the most recent assignee of a mortgage given by defendants, commenced this mortgage foreclosure action against them. Plaintiff appeals from an order and judgment denying its motion for summary judgment, and granting the cross motion of William G. Grimmer, Jr., and Karen R. Grimmer (defendants) for dismissal of the complaint against them pursuant to CPLR 3211 (a) (4) and RPAPL 1301 (3) on the basis of a prior pending foreclosure action brought by a prior holder of the mortgage. We agree with plaintiff that defendants are not entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (4) because the prior action is not "pending between the same parties" to this action (*id.*; *see Hitchings v Village of Sylvan Beach,* 221 AD2d 926; *Glatzer v Scappatura,* 99 AD2d 505; *see also Blank v Schafrann,* 167 AD2d 745, 746; *Forget v Raymer,* 65 AD2d 953, 954). We further agree with plaintiff that, under the circumstances of this case, defendants are not entitled to dismissal of the complaint pursuant to RPAPL 1301 (3). The record establishes that the prior foreclosure action was

settled by the parties to that action upon execution of a forbearance agreement. That prior action thereafter was abandoned, and the plaintiff therein subsequently tendered a stipulation of discontinuance to defendants' attorney. Although that stipulation was not signed by defendants and filed with the court (*see* CPLR 3217 [a] [2]), we conclude that the de facto discontinuance of the prior action militates against dismissal of this action (*cf. Federal Deposit Ins. Corp. v 1873 W. Ave. Corp.,* 225 AD2d 893, 895; *Lehman v Roseanne Invs. Corp.,* 106 AD2d 617, 618 ).

With respect to plaintiff's motion for summary judgment, we conclude that plaintiff established its entitlement to judgment as a matter of law by "submitting proof of the existence of the mortgage, defendants' default in payment, and written notice to defendants of the default, as required by the mortgage," and that defendants failed to raise a triable issue of fact (*Trustco Bank v Victoria Assoc.,* 251 AD2d 995, 996; *see Mahopac Natl. Bank v Baisley,* 244 AD2d 466, *lv dismissed* 91 NY2d 1003; *see also Trustco Bank v Allison Assoc.,* 249 AD2d 911). Plaintiff further established its entitlement to judgment as a matter of law dismissing the affirmative defenses (*see United Cos. Lending Corp. v Candela,* 292 AD2d 800, 801-802; *see also Trustco Bank,* 249 AD2d at 912). We therefore reverse the order, deny the cross motion of defendants, reinstate the complaint against them, grant plaintiff's motion for summary judgment, and remit the matter to Supreme Court, Steuben County, for the appointment of a referee to compute the amount owed by defendants to plaintiff (*see United Cos. Lending Corp.,* 292 AD2d at 802; *Trustco Bank,* 249 AD2d at 912). Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.