■ HOMEOWNERS ASSOCIATION OF VICTORIA WOODS, III, INC., Respondent, v JUDITH INCARNATO, Appellant. [771 NYS2d 770]— Appeal from an order of the Supreme Court, Ontario County (James R. Harvey, A.J.), entered September 18, 2002. The order, insofar as appealed from, granted plaintiff's cross motion for summary judgment dismissing the counterclaims and denied defendant's motion for summary judgment on the counterclaims and dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the cross motion of plaintiff, The Homeowners Association of Victoria Woods, III, Inc. (Association), seeking summary judgment dismissing the counterclaims of defendant, Judith Incarnato. The Association commenced this action to foreclose on Incarnato's townhouse for failure to pay certain assessments, charges and fees. Incarnato counterclaimed for damages arising from breach of contract, violation of the Fair Debt Collection Practices Act ([FDCPA] 15 USC § 1692 *et seq.*) and intentional infliction of emotional distress. Because the mortgage has been foreclosed by the mortgagor and the property has been sold at a foreclosure sale, those parts of the breach of contract counterclaim seeking replacement of a garage door and access to certain books and records of the association have been rendered moot. The remainder of the breach of contract counterclaim is barred by the applicable six-year statute of limitations (*see* CPLR 213 [2]). Contrary to the further contentions of Incarnato, the FDCPA is not applicable to this case (*see United Cos. Lending Corp. v Candela*, 292 AD2d 800, 801-802 [2002]) and her counterclaim for intentional infliction of emotional distress is barred by res judicata (*see Incarnato v Moore*, 289 AD2d 1047 [2001]). Although Incarnato also contends that the court erred in denying her motion for a default judgment, her notice of appeal does not encompass that contention (*see Whittaker v Cohen*, 178 AD2d 941 [1991]). In any event, we conclude that the motion was properly denied. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.