# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**862.1**
**CA 14-00384**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

CSMC 2007-C1 OSWEGO ROAD, LLC, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

KIMBROOK ROUTE 31, LLC, PHILIP J. SIMAO,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

BOND, SCHOENECK & KING, PLLC, SYRACUSE (STEPHEN A. DONATO OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

BUCHANAN INGERSOLL & ROONEY PC, BUFFALO (MAUREEN T. BASS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered July 10, 2013. The order, inter alia, granted those parts of the motion of plaintiff seeking partial summary judgment, and seeking to sever the counterclaim, and denied the cross motion of defendants-appellants to compel the disclosure of documents.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this commercial foreclosure action against Kimbrook Route 31, LLC (Kimbrook) and Philip J. Simao (collectively, defendants) after they defaulted on payment of a loan and guarantee, respectively. In appeal No. 1, defendants contend that Supreme Court erred in granting those parts of plaintiff's motion for partial summary judgment and to sever defendants' counterclaim, and in denying their cross motion to compel the disclosure of documents. In appeal No. 2, defendants contend that the court erred in granting plaintiff's motion for a judgment of foreclosure and sale.

The court properly granted that part of plaintiff's motion for partial summary judgment in appeal No. 1. We note at the outset that the court properly rejected defendants' contention that plaintiff's motion was premature insofar as plaintiff sought partial summary judgment. "Although a motion for summary judgment may be opposed on the ground 'that facts essential to justify opposition may exist but cannot then be stated' (CPLR 3212 [f]), 'the opposing party must make an evidentiary showing supporting this conclusion, mere speculation or conjecture being insufficient' " (*Preferred Capital v PBK, Inc.*, 309

AD2d 1168, 1169), and defendants failed to make that showing.

On the merits, we conclude that plaintiff met its initial burden of establishing its "entitlement to judgment as a matter of law by submitting the mortgage, unpaid note, and proof of defendants' default" (*Cassara v Wynn* [appeal No. 2], 55 AD3d 1356, 1356, *lv dismissed* 11 NY3d 919). Defendants contend that plaintiff was not entitled to partial summary judgment because defendants raised a meritorious defense (*see Lawler v KST Holdings Corp.*, 115 AD3d 1196, 1198-1199), i.e., plaintiff's wrongful refusal to release certain escrow funds that allegedly precipitated the foreclosure action, and plaintiff's misconduct in misleading defendants during subsequent negotiations to modify the loan. We reject that contention. With respect to plaintiff's failure to release the escrow funds, the record establishes that defendants were in default on the mortgage for failing to make a March 1, 2010 payment, and defendants did not request the escrow funds until March 25, 2010. The loan agreement provided that the escrow funds would not be returned to defendants if they were in default under the loan agreement, and defendants therefore have failed to establish that plaintiff's conduct in not releasing the funds caused the default (*see generally Trustco Bank, Natl. Assn. v Allison Assoc.*, 249 AD2d 911, 912). With respect to plaintiff's conduct during the negotiations to modify the loan, we note that the negotiation letter agreement provides that any negotiations were not binding on the parties in the absence of a written modification of the loan agreement, which never occurred. There is thus no estoppel defense here because there was no binding promise or conduct by plaintiff indicating that it would not seek to foreclose on the property (*see Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assoc.*, 199 AD2d 214, 217).

Next, we reject defendants' contention in appeal No. 1 that the court erred in granting that part of plaintiff's motion to sever their counterclaim. Where, as here, the "counterclaim seeks damages and does not affect the validity of the mortgage, the appropriate remedy is to sever it from the foreclosure action" (*First Union Mtge. Corp. v Fern*, 298 AD2d 490, 491). We further reject defendants' contention in appeal No. 1 that the court erred in denying their cross motion to compel disclosure of documents. Plaintiff established that it turned over all documents in its possession, thereby warranting the denial of the cross motion (*see Hawley v Hasgo Power Equip. Sales*, 269 AD2d 804, 804).

We have reviewed defendants' remaining contentions with respect to appeal Nos. 1 and 2 and conclude that they are without merit.

Entered: September 26, 2014                                    Frances E. Cafarell
                                                              Clerk of the Court