*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    519410
_____

WELLS FARGO BANK, NA,

                    Appellant,

        v

PIERRE N. OSTIGUY, Also Known          MEMORANDUM AND ORDER
    as PIERRE OSTIGUY, et al.,
                    Respondents,
                    et al.,
                    Defendants.
_____

Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____


        Hogan Lovells US LLP, New York City (Robin L. Muir of
counsel), for appellant.

        Kim Dsouza, Newburgh, for respondents.

                    _____


Peters, P.J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered September 27, 2013 in Columbia County, which, among other
things, granted a cross motion by defendants Pierre N. Ostiguy
and Elaine R. Thomas for summary judgment dismissing the
complaint against them.

        In 2009, defendants Pierre N. Ostiguy and Elaine R. Thomas
(hereinafter collectively referred to as defendants) executed a
note in favor of plaintiff that was secured by a mortgage on real
property located in Columbia County.  Shortly thereafter,
plaintiff sold defendants' loan to Freddie Mac but continued to
service the loan.  Defendants defaulted on the note in 2011, and

plaintiff commenced this foreclosure action in 2012. Following joinder of issue, plaintiff moved for summary judgment striking the answer and appointing a referee to compute the amount due and owing. Defendants cross-moved for summary judgment dismissing the complaint on the basis of, among other things, lack of standing. Finding that plaintiff failed to prove that it physically possessed the note or was otherwise entitled to enforce it at the time this action was commenced, Supreme Court concluded that plaintiff lacked standing and granted defendants' cross motion dismissing the complaint. Plaintiff now appeals.

To establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor's default (see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]; PHH Mtge. Corp. v Davis, 111 AD3d 1110, 1111 [2013], lv dismissed 23 NY3d 940 [2014]). Where, as here, the issue of standing is raised as an affirmative defense, the plaintiff must also prove its standing in order to be entitled to relief (see MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 746 [2014]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2011]). "A plaintiff has standing in a mortgage foreclosure action where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012] [internal quotation marks and citations omitted]; see Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [2011]).

In support of its cross motion and in opposition to defendants' motion, plaintiff produced the mortgage, the unpaid note, the notice of default sent to defendants and the affidavit of Shae E. Herman, its vice-president of loan documentation, attesting to defendants' default and failure to cure. Despite this proof, Supreme Court found that, as to standing, plaintiff's admitted sale of the loan to Freddie Mac was fatal to its claim that it was the lawful holder of the note and mortgage at the time this action was commenced. We cannot agree. Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff (see

UCC 1-201 [former (20)]; 3-202; 3-204; Hartford Acc. & Indem. Co. v American Express Co., 74 NY2d 153, 159 [1989]; DH Cattle Holdings Co. v Smith, 195 AD2d 202, 208 [1994]; see also Nationstar Mtge., LLC v Davidson, 116 AD3d 1294, 1296 [2014], lv denied 24 NY3d 905 [2014]; Deutsche Bank Trust Co. Ams. v Codio, 94 AD3d 1040, 1041 [2012]; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674 [2007]).  Notably, "[t]he holder of an instrument whether or not he [or she] is the owner may transfer or negotiate it[, and] discharge it or enforce payment in his [or her] own name" (UCC 3-301 [emphasis added]; see generally Glens Falls Indem. Co. v Chase Natl. Bank, 257 NY 441, 445 [1931]; Gates v Manufacturers Hanover Trust Co./Capital Region, 98 AD2d 829, 829 [1983], abrogated on other grounds Golden v Citibank, N.A., 23 NY3d 935, 936 [2014]).  Here, the note was originated by plaintiff and a copy submitted on the motion, alleged to be in plaintiff's possession at the time it commenced this action, is endorsed in blank.  Thus, notwithstanding the sale of the beneficial interests of the note to Freddie Mac, plaintiff has the right to enforce the note as its lawful holder so long as it can prove that it physically possessed the note at the time the action was commenced.

In that regard, Herman averred that, upon her review of the books and records maintained by plaintiff in the ordinary course of business, plaintiff has remained the holder of the note and mortgage at all times since the loan's origination, including the date that this action was commenced.  Yet, at another point in her affidavit, she states that "[plaintiff], directly or through an agent, has possession of the Promissory Note and Mortgage." She further equivocates that plaintiff "is either the original payee of the Promissory Note or the Promissory Note [h]as been duly endorsed."  Herman's varying, and potentially inconsistent, statements do not definitively establish that plaintiff maintained physical possession of the note at the relevant time, and her affidavit fails to disclose who plaintiff's purported "agent" could be or establish that any such agency relationship does, in fact, exist (cf. Bank of N.Y. v Silverberg, 86 AD3d 274, 281 [2011]).  Because the issue of standing cannot be resolved as a matter of law on this record, summary judgment was not warranted in favor of either party (see Bank of Am., N.A. v Paulsen, 125 AD3d 909, 911 [2015]; US Bank N.A. v Faruque, 120

AD3d 575, 578 [2014]; Deutsche Bank Natl. Trust Co. v Rivas, 95 AD3d 1061, 1061-1062 [2012]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).

McCarthy, Rose and Clark, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendants Pierre N. Ostiguy and Elaine R. Thomas for summary judgment dismissing the complaint against them; cross motion denied; and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court