*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 19, 2015                    519429
_____

JP MORGAN CHASE BANK, NATIONAL
    ASSOCIATION,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

BARBARA A. HILL et al.,
                        Appellants,
                        et al.,
                        Defendants.
_____

Calendar Date:   September 10, 2015

Before:   Lahtinen, J.P., Garry, Lynch and Devine, JJ.;
          Egan Jr., J., vouched in.

                        _____


        Barbara A. Hill and Robert W. Hill, Coral Gables, Florida,
appellants pro se.

        Buckley Madole, PC, Rochester (Michael T. Ansaldi of
counsel), for respondent.

                        _____


Lynch, J.

        Appeal from an order of the Supreme Court (LaBuda, J.),
entered April 14, 2014 in Sullivan County, which, among other
things, granted plaintiff's motion for summary judgment.

        In October 2004, defendants Barbara A. Hill and Robert W.
Hill (hereinafter collectively referred to as defendants)
executed a note in favor of BNY Mortgage Company, LLC to borrow
the sum of $132,664 to purchase property located in the Village
of Monticello, Sullivan County.  The debt was secured by a
mortgage on the property.  When defendants stopped making monthly

payments, plaintiff commenced this action in February 2013 to foreclose on the mortgage. Supreme Court scheduled a settlement conference (see CPLR 3408; 22 NYCRR 202.12-a), but defendants did not appear. Thereafter, with the court's permission, plaintiff moved for summary judgment and defendants cross-moved for, among other things, an order directing plaintiff to produce the "wet-ink" note. The court granted plaintiff's motion, denied defendants' cross motion and defendants now appeal.

In a foreclosure action, a plaintiff seeking summary judgment "must produce evidence of the mortage and unpaid note along with proof of the mortgagor's default" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Plaintiff supported its motion with the required documentation, but because the self-represented defendants raised the issue of standing in their answer, plaintiff was also obligated to demonstrate that it was a holder or assignee of the note and subject mortgage at the time the action was commenced (see Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376; Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]). It is the note, not the mortgage, that is the dispositive instrument that conveys standing to foreclose under New York law (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]).

Here, plaintiff maintains that it has standing because it obtained physical possession of the note prior to commencement of the action. "Since the note has only an undated indorsement in blank from the original lender, it does not evidence plaintiff's possessory interest" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [2015] [citation omitted]; see Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]), nor, for that matter, does the June 2012 assignment of the mortgage from the Mortgage Electronic Registration Systems, Inc. confer standing (see id.). To establish physical possession, plaintiff produced an affidavit by an assistant secretary, who stated that plaintiff's "custodial system of record" showed that plaintiff "received the original [n]ote on February 16, 2007" and that plaintiff maintained "possession of the [n]ote at its storage facility" in Monroe, Louisiana. Noticeably absent is any representation by the

assistant secretary that she examined the original note and, contrary to the dissent, the affidavit is devoid of any detail as to how plaintiff actually acquired possession of the original note (compare Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v Monica, 131 AD2d at 739). Moreover, the dissent's reliance on HSBC Bank USA, N.A. v Sage (supra) is misplaced, for the question here is not, as it was in that case, whether plaintiff's representative had personal knowledge as to the creation of the original loan documents, but whether any direct evidence was presented detailing how plaintiff came into actual possession of the original note. The plaintiff in HSBC Bank USA had already established that the custodian of the trust had actual possession of the note for over two years prior to commencement of the action (id. at 1127-1128). Even accepting that plaintiff met its burden of proving physical possession of the note through the assistant secretary's review of plaintiff's custodial records, in opposition, defendants cross-moved for an order directing plaintiff to produce the original or "wet-ink" note, as described by defendants. Defendants made the same demand in their answer.

In Aurora Loan Servs., LLC v Taylor (25 NY3d at 361-362), the Court of Appeals recently addressed the degree of proof necessary to show possession of a note for purposes of standing. In that case, the plaintiff's representative averred, upon review of its business records and after examining the original note, that it had custody of the note prior to the commencement of the action. The defendants countered that more detail was required as to how the plaintiff acquired the note. While observing that "the better practice would have been for [the plaintiff] to state how it came into possession of the note," the Court determined that the trial court did not err in granting summary judgment to the plaintiff without requiring production of the original note, emphasizing that no such demand had been made (id. at 362). Not to be overlooked is the fact that the allonge indorsing the note to the plaintiff in Aurora showed a specific chain of ownership to the plaintiff (id. at 359). Here, by comparison, the original note includes only a blank indorsement, the affidavit of the assistant secretary is based on a review of system records without an examination of the original note and defendants demanded production of the original note from the outset.

Defendants also represent that a prior foreclosure action was commenced by defendant Bank of New York in 2008 – a year after plaintiff ostensibly obtained possession of the original note – and discontinued in 2010, without prejudice. Given this context, and without any verification as to how plaintiff came into possession of the note, we conclude that Supreme Court should have first compelled it to produce the original note prior to resolving plaintiff's motion for summary judgment. This is particularly so given the responding affidavit of plaintiff's representative that it was "ready, wiling (sic) and able to produce the original 'wet-ink' note for inspection" – a representation repeated in plaintiff's brief on appeal.

        Garry and Egan Jr., JJ., concur.


Devine, J. (dissenting).

        Our colleagues find that questions of fact exist as to whether plaintiff actually possesses the note; we do not, and, therefore, respectfully dissent.

        Plaintiff undoubtedly "produce[d] evidence of the mortgage and unpaid note along with proof of the mortgagor's default" (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Because defendants Barbara A. Hill and Robert W. Hill (hereinafter collectively referred to as defendants) raised standing as an affirmative defense, plaintiff was further required to show that it was "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced" (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]; see Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376). Plaintiff submitted a copy of the mortgage that was assigned to it and a copy of the promissory note indorsed in blank, but a blank indorsement "does not evidence plaintiff's possessory interest" in the note and requires proof of actual possession (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [2015]; see UCC 3-204 [2]; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]).

In that regard, plaintiff provided an affidavit by an assistant secretary, who averred that she reviewed plaintiff's business records regarding the loan in question, that she was personally familiar with the maintenance of those records and that they had been created and kept in the regular course of business. Her affidavit "was adequately based on a review of the books and records of the company maintained in the ordinary course of business" under these circumstances and, contrary to the assertion of my colleagues, her "lack of personal knowledge as to the creation of the documents is not fatal" (HSBC Bank USA, N.A. v Sage, 112 AD3d at 1127; see CPLR 4518; compare Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739 [records made by another entity]). The majority complains that this affidavit was deficient in failing to "detail . . . how plaintiff actually acquired possession of the original note," but that issue is irrelevant, as "[a]n instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed" (UCC 3-204 [2]). Possession, regardless of how that possession came about, is all that is required to make plaintiff a bearer and holder of a note indorsed in blank (see UCC 1-201 [b] [5], [21]; UCC 3-204 [2]; Getty Petroleum Corp. v American Express Travel Related Servs. Co., 90 NY2d 322, 328 [1997]; Bank of Am., N.A. v Kyle, 129 AD3d at 1169; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376).

The records detailed as to how the original note came into plaintiff's possession, and the assistant secretary averred with no hesitation that plaintiff "received the original [n]ote on" February 16, 2007 and "maintain[ed] possession of the [n]ote" at its storage facility in Louisiana. While we agree that "the better practice would have been for [plaintiff] to state how it came into possession of the note in its affidavit in order to clarify the situation completely" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]), plaintiff nevertheless met its initial burden by providing admissible proof showing that "physical delivery of the note was made to . . . [it upon an] exact delivery date" that predated the commencement of this action (Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629 [2014], affd 25 NY3d 355 [2015]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738; Deutsche Bank Natl. Trust Co. v

Whalen, 107 AD3d 931, 932 [2013]).

The burden accordingly shifted to defendants "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action," and they failed to do so (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).  Defendants primarily argued that the note was "altered, edited, [and] redacted," and cross-moved for production of the original note.  They made no specific allegations as to how the note had been altered, however, and no obvious changes or material redactions appear in the copy of the note provided.  Their conclusory claims therefore constitute the type of "unsubstantiated allegations or assertions" that do not raise a question of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 [1991]).  Inasmuch as defendants failed to submit any evidence to warrant "the requisite showing that [further] discovery would yield material and relevant evidence sufficient to defeat the motion" for summary judgment, production of the original note at this late date is not appropriate (Seton Health at Schuyler Ridge Residential Health Care v Dziuba, 127 AD3d 1297, 1300 [2015]; see CPLR 3212 [f]; Banque Nationale de Paris v 1567 Broadway Ownership Assoc., 214 AD2d 359, 361 [1995]; see also Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).

We perceive nothing in the other arguments advanced by defendants that would warrant a denial of summary judgment. Defendants suggested that something nefarious was afoot because plaintiff came into possession of the note in 2007, but was not assigned the mortgage until 2012.  This assertion ignores the role of Mortgage Electronic Registration Systems, Inc., which previously held the mortgage (see Matter of MERSCORP, Inc. v Romaine, 8 NY3d 90, 96 [2006]), and also overlooks "that the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law" (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).  Moreover, while a mortgage foreclosure action had previously been commenced by defendant Bank of New York, that action was discontinued, and defendants provided nothing to suggest that the prior action in any way impaired plaintiff's rights (see e.g. Credit-Based Asset

<u>Servicing & Securitization v Grimmer</u>, 299 AD2d 887, 888 [2002]). The Bank of New York was served with the summons and complaint in this action given its status as a lienholder, and its failure to appear and assert any interest does not speak well of the insinuation by defendants that it has any rights to the note and mortgage at issue.  Over five years have passed since the default in payment and, in the absence of any material issues of fact that would defeat an award of summary judgment, we perceive nothing to justify a further delay in the resolution of this matter.

Lahtinen, J.P., concurs.

ORDERED that the order is modified, on the law, with costs to defendants, by reversing so much thereof as granted plaintiff's motion; said motion denied; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court