Devine, J.
(dissenting). Our colleagues find that questions of fact exist as to whether plaintiff actually possesses the note; we do not, and, therefore, respectfully dissent.
Plaintiff undoubtedly “produce [d] evidence of the mortgage and unpaid note along with proof of the mortgagor’s default” (Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]; see HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127 [2013], lvs dismissed 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]). Because defendants Barbara A. Hill and Robert W. Hill (hereinafter collectively referred to as defendants) raised standing as an affirmative defense, plaintiff was further required to show that it was “both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced” (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012]; see Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376). Plaintiff submitted a copy of the mortgage that was assigned to it and a copy of the promissory note indorsed in blank, but a blank indorsement “does not evidence plaintiff’s possessory interest” in the note and requires proof of actual possession (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738-739 [2015]; see UCC 3-204 [2]; Bank of Am., N.A. v Kyle, 129 AD3d 1168, 1169 [2015]).
*1060 In that regard, plaintiff provided an affidavit by an assistant secretary, who averred that she reviewed plaintiff’s business records regarding the loan in question, that she was personally familiar with the maintenance of those records and that they had been created and kept in the regular course of business. Her affidavit “was adequately based on a review of the books and records of the company maintained in the ordinary course of business” under these circumstances and, contrary to the assertion of my colleagues, her “lack of personal knowledge as to the creation of the documents is not fatal” (HSBC Bank USA, N.A. v Sage, 112 AD3d at 1127; see CPLR 4518; compare Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739 [records made by another entity]). The majority complains that this affidavit was deficient in failing to “detail . . . how plaintiff actually acquired possession of the original note,” but that issue is irrevelant, as “[a]n instrument payable to order and indorsed in blank becomes payable to bearer and may be negotiated by delivery alone until specially indorsed” (UCC 3-204 [2]). Possession, regardless of how that possession came about, is all that is required to make plaintiff a bearer and holder of a note indorsed in blank (see UCC 1-201 [b] [5], [21]; UCC 3-204 [2]; Getty Petroleum Corp. v American Express Travel Related Servs. Co., 90 NY2d 322, 328 [1997]; Bank of Am., N.A. v Kyle, 129 AD3d at 1169; Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376).
The records detailed as to how the original note came into plaintiff’s possession, and the assistant secretary averred with no hesitation that plaintiff “received the original [n] ote on” February 16, 2007 and “maintain[ed] possession of the [n]ote” at its storage facility in Louisiana. While we agree that “the better practice would have been for [plaintiff] to state how it came into possession of the note in its affidavit in order to clarify the situation completely” (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362 [2015]), plaintiff nevertheless met its initial burden by providing admissible proof showing that “physical delivery of the note was made to . . . [it upon an] exact delivery date” that predated the commencement of this action (Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 629 [2014], affd 25 NY3d 355 [2015]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738; Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932 [2013]).
The burden accordingly shifted to defendants “to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action,” and they failed to do so (Alvarez v Prospect Hosp., 68 *1061 NY2d 320, 324 [1986]). Defendants primarily argued that the note was “altered, edited, [and] redacted,” and cross-moved for production of the original note. They made no specific allegations as to how the note had been altered, however, and no obvious changes or material redactions appear in the copy of the note provided. Their conclusory claims therefore constitute the type of “unsubstantiated allegations or assertions” that do not raise a question of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 [1991]). Inasmuch as defendants failed to submit any evidence to warrant “the requisite showing that [further] discovery would yield material and relevant evidence sufficient to defeat the motion” for summary judgment, production of the original note at this late date is not appropriate (Seton Health at Schuyler Ridge Residential Health Care v Dziuba, 127 AD3d 1297, 1300 [2015]; see CPLR 3212 [f]; Banque Nationale de Paris v 1567 Broadway Ownership Assoc., 214 AD2d 359, 361 [1995]; see also Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
We perceive nothing in the other arguments advanced by defendants that would warrant a denial of summary judgment. Defendants suggested that something nefarious was afoot because plaintiff came into possession of the note in 2007, but was not assigned the mortgage until 2012. This assertion ignores the role of Mortgage Electronic Registration Systems, Inc., which previously held the mortgage (see Matter of MERSCORP, Inc. v Romaine, 8 NY3d 90, 96 [2006]), and also overlooks “that the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law” (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361). Moreover, while a mortgage foreclosure action had previously been commenced by defendant Bank of New York, that action was discontinued, and defendants provided nothing to suggest that the prior action in any way impaired plaintiffs rights (see e.g. Credit-Based Asset Servicing & Securitization v Grimmer, 299 AD2d 887, 888 [2002]). The Bank of New York was served with the summons and complaint in this action given its status as a lienholder, and its failure to appear and assert any interest does not speak well of the insinuation by defendants that it has any rights to the note and mortgage at issue. Over five years have passed since the default in payment and, in the absence of any material issues of fact that would defeat an award of summary judgment, we perceive nothing to justify a further delay in the resolution of this matter.
Lahtinen, J.P., concurs. Ordered that the order is modified, *1062 on the law, with costs to defendants, by reversing so much thereof as granted plaintiff’s motion; said motion denied; and, as so modified, affirmed.