MLB Sub I, LLC v Grimes (2019 NY Slip Op 02081)





MLB Sub I, LLC v Grimes


2019 NY Slip Op 02081


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-08994
 (Index No. 509119/14)

[*1]MLB Sub I, LLC, respondent, 
v
George Grimes, et al., defendants, Perfect Home Repairs, Inc., appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, Christopher Villanti, and James Tierney of counsel), for appellant.
Knuckles, Komosinski & Manfro LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Perfect Home Repairs, Inc., appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated June 27, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On February 23, 2006, the defendant George Grimes executed a note wherein he agreed to pay the principal amount of $464,000 to BNC Mortgage, Inc. The note was secured by a mortgage, also dated February 23, 2006, on real property owned by Grimes, located in Brooklyn. Grimes defaulted on the note by failing to make the payment due on December 1, 2006, and subsequent installments.
On March 16, 2007, U.S. Bank National Association (hereinafter U.S. Bank) commenced an action to foreclose the subject mortgage (hereinafter the 2007 action). By assignment of mortgage dated April 16, 2007, the mortgage was assigned to U.S. Bank. On January 10, 2008, the Supreme Court entered a default judgment against Grimes. Subsequently, Grimes moved to vacate the default judgment and to dismiss the complaint. Grimes argued that the court should dismiss the complaint based on lack of standing because the complaint did not include "any allegation as to the manner or date on which [U.S. Bank] became legal holder of the mortgage and note." Grimes also attached the assignment of mortgage demonstrating that the mortgage was assigned to U.S. Bank one month after it commenced the 2007 action. The court granted Grimes's motion.
On March 6, 2009, U.S. Bank commenced a second foreclosure action (hereinafter the 2009 action). On September 9, 2013, MLB Sub I, LLC (hereinafter MLB), obtained physical possession of the original note. By assignment of mortgage dated March 19, 2014, the mortgage was [*2]assigned to MLB. On September 17, 2014, U.S. Bank moved to discontinue the 2009 action, and the Supreme Court granted the motion on November 19, 2014.
On October 3, 2014, MLB commenced this action against, among others, the defendant Perfect Home Repairs, Inc. (hereinafter the defendant), who had acquired ownership of the subject property in January 2014. MLB moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against it. In opposition to MLB's motion, and in support of its cross motion, the defendant argued that the statute of limitations had expired, and that the 2009 action was still pending at the time MLB commenced this action. The Supreme Court granted MLB's motion and denied the defendant's cross-motion. The defendant appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v US Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d at 197). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
"Commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983). However, service of a complaint is ineffective to constitute a valid exercise of the option to accelerate a debt where the plaintiff does not "have the authority to accelerate the debt or to sue to foreclose at that time" (id. at 983; see Milone v US Bank N.A., 164 AD3d at 153; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593).
Contrary to the defendant's contention, the commencement of the 2007 action did not cause the statute of limitations to begin to run. The Supreme Court granted Grimes's motion to dismiss the 2007 action because U.S. Bank did not have standing to prosecute the action. Accordingly, service of the 2007 complaint did not constitute a valid exercise of the option to accelerate the debt, and the statute of limitations did not begin to run at that time (see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Suarez, 49 AD3d at 593).
The defendant argues that dismissal of the complaint was warranted pursuant to CPLR 3211(a)(4) and RPAPL 1301(3) because the 2009 action was pending at the time MLB commenced this action. RPAPL 1301(3) provides that while an "action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." However, where a prior foreclosure action is not formally discontinued, "the effective abandonment of that action is a de facto discontinuance' which militates against dismissal of the present action pursuant to RPAPL 1301(3)" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d 804, 805; see Credit-Based Asset Servicing & Securitization v Grimmer, 299 AD2d 887, 888).
Here, U.S. Bank moved to discontinue the 2009 action on September 17, 2014. MLB commenced this action on October 3, 2014, and the Supreme Court discontinued the 2009 action on November 19, 2014. At the time MLB commenced this action, U.S. Bank had effectively abandoned the 2009 action by filing its motion to discontinue several weeks earlier. Thus, the defendant was not entitled to dismissal of the complaint insofar as asserted against it on the ground that a prior action was pending (see Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805; see Credit-Based Asset Servicing & Securitization v Grimmer, 299 AD2d at 887-888).
Accordingly, we agree with the Supreme Court's determination denying the defendant's cross motion to dismiss the complaint insofar as asserted against it. We also agree with [*3]the court's determination granting those branches of U.S. Bank's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
RIVERA, J.P., CHAMBERS, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court