U.S. Bank Trust, N.A. v Humphrey (2019 NY Slip Op 04445)





U.S. Bank Trust, N.A. v Humphrey


2019 NY Slip Op 04445


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-09370
 (Index No. 9545/14)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Harriet N. Humphrey, etc., et al., defendants, Lionel Humphrey, appellant.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Erin E. Wietecha and Fernando C. Rivera-Maissonet of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lionel Humphrey appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 30, 2015. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to RPAPL 1301(3) and CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, U.S. Bank Trust, N.A. (hereinafter U.S. Bank), commenced this action in October 2014 to foreclose a mortgage, against, among others, the defendant Lionel Humphrey (hereinafter the defendant). The defendant moved, inter alia, pursuant to RPAPL 1301(3) and CPLR 3211(a)(1) to dismiss the complaint on the ground that there was another action pending to foreclose upon the same mortgage. In support of the motion, the defendant submitted evidence that in October 2010, HSBC Mortgage Services, Inc. (hereinafter HSBC), commenced an action to foreclose the subject mortgage against the defendant, among others (hereinafter the 2010 action), the defendant had joined issue in the 2010 action, and the 2010 action remained pending. U.S. Bank, to whom the subject mortgage was assigned shortly before it commenced the instant action, opposed the defendant's motion and submitted evidence that the plaintiff in the 2010 action, HSBC, had signed a stipulation discontinuing that action in August 2013. U.S. Bank submitted additional evidence that the stipulation was sent to the defendant, and there had been no further prosecution in the 2010 action. In the order appealed from, the Supreme Court denied the defendant's motion. The defendant appeals.
RPAPL 1301(3) provides that "[w]hile [an] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought." The purpose of the statute is "to shield the mortgagor from the expense and annoyance of two independent actions at the same time with reference to the same debt" (Central Trust Co. v Dann, 85 NY2d 767, 772 [internal quotation marks and emphasis omitted]; see Old Republic Natl. Tit. Ins. Co. v Conlin, 129 [*2]AD3d 804, 805; Hometown Bank of Hudson Val. v Belardinelli, 127 AD3d 700, 701; Aurora Loan Servs., LLC v Lopa, 88 AD3d 929, 930). Under the circumstances of this case, we agree with the Supreme Court's determination that the defendant was not entitled to dismissal of the complaint pursuant to RPAPL 1301(3). The record supports the conclusion that the plaintiff's assignor, the former mortgagee, effectively abandoned its prior action to foreclose the mortgage. Although the 2010 foreclosure action was not formally discontinued, due in part to the defendant's failure to sign the stipulation of discontinuance, "the effective abandonment of that action is a de facto discontinuance' which militates against dismissal of the present action pursuant to RPAPL 1301(3)" (Old Republic Natl. Tit. Ins. Co. v Conlin, 129 AD3d at 805; see Credit-Based Asset Servicing & Securitization v Grimmer, 299 AD2d 887, 888; see also Bank of N.Y. Mellon v Adam Pl0tch LLC, 162 AD3d 502, 503; see also Wells Fargo Bank, N.A. v Irizarry, 142 AD3d 610, 611).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court