McCarthy, J.
Appeal from an order of the Supreme Court (Teresi, J.), entered November 14, 2013 in Albany County, which, among other things, granted plaintiff’s motion for summary judgment.
*1400 In November 2006, defendants Lynn M. Mazzone and Jeffrey Mazzone (hereinafter collectively referred to as defendants) executed a note to borrow $172,000 from Quicken Loans and therewith executed a mortgage against their real property to secure the note. In April 2011, plaintiff commenced this foreclosure action against defendants, among others, alleging that it had been assigned ownership of defendants’ mortgage and note and that defendants had failed to pay principal and interest thereon since June 2010. Defendants answered asserting, among other things, that plaintiff lacked standing to bring the foreclosure action. Plaintiff subsequently moved for, among other things, summary judgment on the complaint, which motion Supreme Court granted. Defendants now appeal and we affirm.
Once “the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief” (Homecomings Fin., LLC v Guldi, 108 AD3d 506, 508 [2013] [internal quotations marks and citation omitted]; see Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]). “A plaintiff has standing . . . where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012] [internal quotation marks and citations omitted]; accord Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident” (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009] [citations omitted]; accord Chase Home Fin., LLC v Miciotta, 101 AD3d at 1307). Here, plaintiff submitted the mortgage and the note, which was endorsed in blank as payable to IndyMac Bank, FSB. Plaintiff also submitted a bill of sale indicating that, in March 2009, the Federal Deposit Insurance Corporation — as receiver for IndyMac — assigned to plaintiff “all right, title and interest ... in and to those assets described in [a mortgage loan schedule],” which identifies defendants’ note. Given that the mortgage passes therewith “as an inseparable incident” (U.S. Bank, N.A. v Collymore, 68 AD3d at 754), the assignment of the note by the bill of sale was sufficient for plaintiff to make a prima facie showing that it was entitled to judgment as a matter of law (see Chase Home Fin., LLC v Miciotta, 101 AD3d at 1307; Mortgage Elec. Registration Sys., Inc. v Coakley, 41 AD3d 674, 674 [2007]; compare U.S. Bank, N.A. v Collymore, 68 AD3d at 754). Defendants’ attorney affirmation was insufficient to *1401 raise an issue of fact as to plaintiffs standing or defendants’ default, as the attorney had no personal knowledge regarding the validity of the assignment (see 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1395 [2009], lv denied 14 NY3d 706 [2010]; compare Blueberry Invs. Co. v Ilana Realty, 184 AD2d 906, 908 [1992]).
As a final matter, defendants waived their argument that their obligations under the subject note and mortgage were discharged in bankruptcy when they failed to raise it in a preanswer motion to dismiss (see CPLR 3018 [b]; 3211 [a] [5]; [e]; Rouleau v La Pointe, 11 AD3d 773, 774 [2004]). In any event, such argument is without merit (see 11 USC § 522 [c] [2]; Johnson v Home State Bank, 501 US 78, 82-84 [1991]; In re Scarpino, 113 F3d 338, 340 [2d Cir 1997]). We have reviewed defendants’ remaining contentions and find them to be similarly unavailing.
Peters, P.J., Egan Jr. and Rose, JJ., concur. Ordered that the order is affirmed, with costs.