*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    521710
_____

WELLS FARGO BANK, N.A., as
    Trustee for CARRINGTON
    MORTGAGE LOAN TRUST, SERIES
    2006-NC2 ASSET-BACKED
    PASS-THROUGH CERTIFICATES,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

JONATHAN G. WALKER,
                        Appellant,
                        et al.,
                        Defendant.
_____

Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                    _____

        John P. Kingsley, PC, Catskill (John P. Kingsley of
counsel), for appellant.

        Peter T. Roach & Associates, PC, Syosset (Michael C.
Manniello of counsel), for respondent.

                    _____

Lynch, J.

        Appeals (1) from an order of the Supreme Court (Melkonian,
J.), entered April 28, 2015 in Ulster County, which, among other
things, granted plaintiff's motion for summary judgment, and (2)
from the judgment entered thereon.

        In April 2006, defendant Jonathan G. Walker (hereinafter
defendant) executed a note in favor of New Century Mortgage

Corporation (hereinafter NCMC) that was secured by a mortgage on real property located in Ulster County. In a 2006 pooling and servicing agreement (hereinafter PSA), plaintiff was named as trustee of a loan trust and NCMC was designated predecessor in interest to Carrington Mortgage Services, LLC (hereinafter CMS), as servicer. After NCMC filed for bankruptcy in 2007, certain assets were transferred to New Century Liquidating Trust (hereinafter NCLT). Also, as part of NCMC's bankruptcy, it sold its mortgage loan servicing business to CMS and named it the attorney-in-fact relative to the mortgages sold. In 2010, CMS entered into a loan modification agreement with defendant that increased the principal balance of the existing mortgage. In May 2012, the mortgage and underlying note were assigned to plaintiff. Three days later, plaintiff commenced this foreclosure action. Following joinder of issue, defendant sent a document demand to plaintiff regarding the note and mortgage, including a demand for production of the original note. Without responding, plaintiff moved for summary judgment, which was granted by Supreme Court (Melkonian, J.). Thereafter, Supreme Court (Cahill, J.) issued a judgment of foreclosure and sale. Defendant now appeals both the order and the judgment.

A plaintiff can establish entitlement to summary judgment by producing evidence of the mortgage, the unpaid note and the defendant's default (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [2015]). However, where, as here, the defendant raised the issue of standing in the answer, the "plaintiff bore the additional burden of demonstrating that, 'at the time the action was commenced, [it] was the holder or assignee of the mortgage and the holder or assignee of the underlying note'" (Bank of N.Y. Mellon v McClintock, 138 AD3d 1372, 1373-1374 [2016], quoting Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738). "Either a written assignment of the underlying note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation" (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [2012], quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). "That said, the note[,] and not the mortgage, is the dispositive instrument that conveys standing to foreclose under New York law" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738; see

Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]). Notably, as relevant here, the holder of a note is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201 [b] [21]; see UCC 1-201 [b] [5]).

Here, plaintiff sought to establish standing by virtue of the 2012 assignment, coupled with its assertion that it has had possession of the note since 2006. To that end, plaintiff produced the affidavit of Elizabeth Ostermann, a vice-president for CMS, which, as noted, had been appointed attorney-in-fact for plaintiff in February 2012. As to the issue of possession, Ostermann avers that plaintiff, as trustee, has been in continuous possession of the note since the PSA was signed in June 2006 and "is still in possession of the [n]ote, and can produce same if the [c]ourt so requires." As CMS was servicer and attorney-in-fact, Ostermann was entitled to rely on the transaction records (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739). For proof of possession, however, she simply refers to the PSA, which is not in the record (compare Aurora Loan Servs., LLC v Taylor, 25 NY3d at 359; Bank of N.Y. Mellon v McClintock, 138 AD3d at 1374-1375; HSBC Bank USA, N.A. v Sage, 112 AD3d 1126, 1127-1128 [2013], lvs dismissed 23 NY3d 1015 [2014], 22 NY3d 1172 [2014]), and makes no representation as to having examined the original note (see JP Morgan Chase Bank, N.A. v Hill, 133 AD3d 1057, 1058 [2015]). Contrary to Supreme Court's findings, the note is not indorsed and, thus, the court's conclusion that plaintiff was the holder of the note was in error (see UCC 1-201 [b] [5] [21]; 3-202). In our view, plaintiff's proof falls short of establishing standing by physical delivery of the note.

As to the assignment, Ostermann avers that "[t]he [m]ortgage was assigned by written agreement on May 14, 2012 . . . from New Century Corporation, to Wells Fargo Bank, N.A., as Trustee." We recognize that, by its terms, the assignment conveys the mortgage "together with the bond or note or obligation described in said mortgage" — language that effects an assignment of both the note and mortgage. The focus here, however, is on whether the assignor had authority to actually assign the note (see Bank of N.Y. v Silverberg, 86 AD3d 274, 281

[2011]).  Plaintiff has the burden of proof on this issue (see id.).  The assignment identifies the assignor as NCMC, while the document is executed on behalf of "New Century Liquidating Trust Successor-In-Interest to New Century Mortgage Corporation By Carrington Mortgage Services, LLC as Attorney-in-Fact" by Ostermann as vice-president of foreclosure for CMS.  Plaintiff points to several documents in the record to establish the underlying authority for this assignment.  Specifically, in November 2008, NCLT, as successor to NCMC, gave CMS a limited power of attorney to, among other things, execute mortgage assignments.  Previously, NCMC had transferred its servicing rights to CMS.  Significantly, in 2010, CMS and defendant entered into a "Loan Modification Agreement" restating the principal balance at $266,277 – a transaction memorializing a continuing ownership interest in the note held by NCLT as successor to NCMC and exercised through its agent CMS.  Given the foregoing, we agree that plaintiff established authority for NCLT, as successor to NCMC, to effectuate the assignment of the note to plaintiff.  That CMS served as power of attorney for both parties to the assignment does not undermine its validity.  As such, we conclude that Supreme Court properly found that plaintiff had standing to initiate this foreclosure action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362).  We further conclude that plaintiff duly demonstrated compliance with the 90-day notice requirements and corresponding filing requirements set forth in RPAPL 1304 and 1306, respectively (see TD Bank, N.A. v Leroy, 121 AD3d 1256, 1257 [2014]).

Lahtinen, J.P., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the order and judgment are affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court