■ The Bank of New York Mellon, Formerly Known as The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2007-FA5, Respondent, v Michael Rutkowski, Appellant, et al., Defendants. [48 NYS3d 851]—

Peters, P.J. Appeals from two orders of the Supreme Court (McGuire, J.), entered March 8, 2016 and March 9, 2016 in Sullivan County, which, among other things, granted plaintiff's motion for summary judgment.

In July 2007, defendant Michael Rutkowski (hereinafter defendant) executed a $500,000 note that was secured by a mortgage on real property situated in the Village of Monticello, Sullivan County. Such mortgage was ultimately assigned to plaintiff. Following defendant's default on his payment obligations under the loan in June 2010, plaintiff commenced this mortgage foreclosure action on December 8, 2014. Defendant joined issue, asserting, among other things, plaintiff's lack of standing as an affirmative defense. Supreme Court granted plaintiff's motion for summary judgment, and defendant appeals.

"A plaintiff establishes its entitlement to summary judgment in a mortgage foreclosure action by submitting the mortgage and unpaid note, along with evidence of [the defendant's] default" (*Citibank, NA v Abrams*, 144 AD3d 1212, 1214 [2016] [citations omitted]; *see Green Planet Servicing, LLC v Martin*, 141 AD3d 892, 893 [2016]). Here, plaintiff submitted the requisite proof, and defendant failed to raise a question of fact in opposition. However, where, as here, the defendant raises the issue of standing in the answer, the plaintiff has "the additional burden of demonstrating that, at the time the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (*Wells Fargo Bank, N.A. v Walker*, 141 AD3d 986, 987 [2016] [internal quotation marks, brackets and citations omitted]; *see JP Morgan Chase Bank, N.A. v Hill*, 133 AD3d 1057, 1057 [2015]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (*U.S. Bank N.A. v Carnivale*, 138 AD3d 1220, 1221 [2016],

quoting *Onewest Bank, F.S.B. v Mazzone*, 130 AD3d 1399, 1400 [2015]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff" (*Wells Fargo Bank, NA v Ostiguy*, 127 AD3d 1375, 1376 [2015] [citations omitted]; *accord Citibank, NA v Abrams*, 144 AD3d at 1214).

In support of standing, plaintiff submitted, among other things, an affidavit of Daphne Proctor, a document execution specialist for Nationstar Mortgage LLC. Proctor attested, based on her review of the records maintained by Nationstar in the regular course of business, that Nationstar, "as agent for [p]laintiff, . . . had physical possession of the original [n]ote [i]ndorsed in blank since [March 9, 2012]" and "maintained continuous physical possession of the [n]ote from its receipt . . . until it was[ ] shipped by request to [plaintiff's counsel] to commence [this] litigation." This testimony was supported by the limited power of attorney, executed by plaintiff on December 4, 2014, granting Nationstar the power "to act in the name, and on behalf, of [plaintiff] . . . [w]ith respect to a [m]ortgage, the foreclosure . . . or the completion of judicial . . . foreclosure." Plaintiff also submitted affirmations of two attorneys belonging to its law firm of counsel, who confirmed that the original note and mortgage were received by the law firm and were currently in the firm's possession for purposes of this litigation. The foregoing proof satisfied plaintiff's prima facie burden as to standing premised on physical possession of the note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127-1128 [2013], *lvs dismissed* 22 NY3d 1172 [2014], 23 NY3d 1015 [2014]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *compare Bank of Am., N.A. v Kyle*, 129 AD3d 1168, 1169 [2015]).

In opposition, defendant submitted an affirmation and surreply affirmation of his counsel. To the extent that these affirmations are not based upon personal knowledge of the operative facts, they are insufficient to defeat a motion for summary judgment (*see Onewest Bank, FSB v Michel*, 143 AD3d 869, 871 [2016]; *Onewest Bank, F.S.B. v Mazzone*, 130 AD3d at 1400-1401). Counsel's arguments concerning the validity of the power of attorney are lacking in merit and fail to account for the fact that it was plaintiff's counsel who physically possessed the note at the time that this action was commenced (*see generally Banditree, Inc. v Calpo, Inc.*, 146 AD2d 74, 76 [1989]; *cf.*

*Mavellia v American Tr. Mix*, 229 AD2d 1036, 1037 [1996]). As defendant's submissions failed to raise any triable issues of fact as to standing, Supreme Court properly awarded summary judgment in favor of plaintiff (*see U.S. Bank N.A. v Carnivale*, 138 AD3d at 1222; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 629 [2014], *affd* 25 NY3d 355 [2015]).

McCarthy, Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the orders are affirmed, with costs.