Goldman Sachs Mtge. Co. v Mares (2018 NY Slip Op 07389)





Goldman Sachs Mtge. Co. v Mares


2018 NY Slip Op 07389


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526161

[*1]GOLDMAN SACHS MORTGAGE COMPANY, Respondent,
v
JOHN F. MARES et al., Appellants.

Calendar Date: September 12, 2018 

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Levene Gouldin & Thompson, LLP, Ithaca (Richard P. Ruswick of counsel), for appellants.
Friedman Vartolo LLP, New York City (Henry P. DiStefano of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeals (1) from an order of the Supreme Court (Faughnan, J.), entered March 28, 2017 in Tompkins County, upon a decision of the court in favor of plaintiff, and (2) from that part of an order of said court, entered October 19, 2017 in Tompkins County, which struck defendants' answer, counterclaim and affirmative defenses.
In 2005, defendants executed a promissory note in favor of Freestone Enterprises, Inc., secured by a mortgage on their residence. Defendants defaulted under the terms of the note and mortgage in 2007. In 2014, plaintiff — alleging that it had been assigned the mortgage in 2012 and possessed the note — commenced this mortgage foreclosure action. In their answer, defendants asserted, among other things, that plaintiff lacked standing. As a result of motion practice related to discovery, Supreme Court (Mulvey, J.) precluded plaintiff from submitting evidence that it was in possession of the original note on the date that this action was commenced [FN1]. Following a nonjury trial, Supreme Court (Faughnan, J.) determined that plaintiff established its standing to commence the foreclosure action, as well as its entitlement to the relief sought in the complaint. Defendants appeal from that order and from that part of a subsequent order striking the answer, counterclaim and affirmative defenses.[FN2]
Supreme Court did not err in admitting into evidence plaintiff's exhibit No. 2. That exhibit is a certificate of merit as required by CPLR 3012-b (a), with attachments consisting of copies of the mortgage, assignments of mortgage, and note with allonges. Defendants did not [*2]object to admission of the portion of the exhibit containing the mortgage and assignments of mortgage, as the originals of those documents had been filed in the County Clerk's office, but they objected to the remainder of the exhibit as hearsay. "While the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records, such records are nonetheless admissible if the recipient can establish . . . that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [2015] [internal quotation marks and citations omitted]; see State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296 [2012], lv denied 20 NY3d 858 [2013]). "To be admissible, these documents should carry the indicia of reliability ordinarily associated with business records" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739 [citations omitted]).
The sole witness at trial was Eric Hughes, a quality assurance specialist for Fay Servicing, the loan servicing company responsible for the loan at issue [FN3]. It was not necessary for Hughes to have personal knowledge of the creation of the account records; he could testify from his review of Fay's business records (see Citibank, NA v Abrams, 144 AD3d 1212, 1216 [2016]). Hughes testified that when it receives a loan, Fay engages in a vetting process and conducts due diligence to make sure the information it receives appears accurate. He testified that the certificate of merit was likely created by an attorney retained to represent the prior servicer, so it was part of the servicer's records. According to Hughes, the allonges are not separately stored by Fay, but are affixed to the note. Although Fay became the servicer of this loan after commencement of this action, Hughes testified that Fay's business records include the records created and maintained by prior servicers and their agents, which are incorporated into Fay's records and routinely relied upon by Fay in its business. Therefore, Supreme Court did not err in determining that plaintiff's exhibit No. 2, including all documents contained therein, was admissible under the business records exception to the hearsay rule (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; see also HSBC Bank USA, N.A. v Corazzini, 148 AD3d 1314, 1316 [2017], lv dismissed 29 NY3d 1040 [2017]).
Supreme Court properly determined that plaintiff had standing to bring the foreclosure action. Where standing is contested, the plaintiff cannot obtain relief until it proves its standing (see Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400 [2015]). "A plaintiff's standing is established in a mortgage foreclosure action 'where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced'" (Everhome Mtge. Co. v Pettit, 135 AD3d 1054, 1055 [2016], quoting Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308 [2012]). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1221 [2016], quoting Onewest Bank, F.S.B. v Mazzone, 130 AD3d at 1400; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015] ["the note, and not the mortgage, is the dispositive instrument that conveys standing to foreclose"]). Because plaintiff had been precluded from submitting evidence regarding its physical possession of the note, plaintiff could only establish standing by proving that it had been assigned the note before the action was commenced.
At trial, plaintiff produced three assignments of mortgage: from Freestone Enterprises (the original mortgagor) to AmTrust Bank, formerly known as Ohio Savings Bank; from AmTrust Bank to MTGLQ Investor, LP; and from MTGLQ Investors to plaintiff. Each of those documents stated that it assigned the mortgage at issue together with the note described in the mortgage, thereby effecting an assignment of both the note and mortgage (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 988 [2016]; see also DLJ Mtge. Capital, Inc. v Pittman, 150 [*3]AD3d 818, 820 [2017]). Plaintiff also produced a 2013 attorney bailee letter documenting that plaintiff's then-servicer delivered the original note and three specified allonges to a law firm for purposes of prosecuting a foreclosure action in relation to defendants' mortgage loan. The letter verifies that the allonges — transferring the note from Freestone Enterprises to Ohio Savings Bank, from Ohio Savings Bank to MTGLQ Investors and from MTGLQ Investors to plaintiff — all existed prior to commencement of the foreclosure action. Those allonges were also contained in plaintiff's exhibit No. 2, further establishing that they existed prior to commencement (compare Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 682-683 [2012]).
Defendants argue that plaintiff failed to prove that it was validly assigned the note because the record lacks evidence of authority for certain individuals to sign the assignments. Particularly, the allonge embodying the transfer from Ohio Savings Bank is signed by Robert P. Maxwell, "Authorized Agent," and the allonge transferring the note from MTGLQ Investors to plaintiff is signed by Richard Williams, as vice-president of Litton Loan Servicing LP, "Attorney in Fact for MTGLQ Investors, L.P." The record does not contain any power of attorney or other document demonstrating that either of these individuals or Litton Loan Servicing was authorized to transfer the note on behalf of its then-holder. Contrary to defendants' argument that plaintiff has thus failed to prove the validity of the assignment of the note and, concomitantly, its standing, the cases relied upon are distinguishable because they address whether a foreclosing entity has standing as a matter of law — in the context of a motion to dismiss or for summary judgment — where the defendant questioned a signatory's authority to transfer the note (see e.g. JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270 [2017]; Filan v Dellaria, 144 AD3d 967, 975 [2016]; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 682-683; Bank of N.Y. v Silverberg, 86 AD3d 274, 281-282 [2011]). Although, at trial, plaintiff bore the burden of establishing the effectiveness of those signatures after defendants put them in issue (see UCC 3-307 [1] [a]; Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 988 [2016]), the signatures were statutorily presumed genuine and authorized (see UCC 3-307 [1] [b]; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074 [2016]; see also UCC 3-104 [2] [stating that UCC art 3 applies to notes]), meaning that the trier of fact was required to find them authorized unless and until defendants introduced evidence supporting a finding that they were not authorized (see UCC 1-206; McKinney's Cons Law of NY, Book 62½, UCC 3-307, Official Comment at 227-228 [2013 ed]). As defendants only speculated that Maxwell and Williams may not have been authorized to sign the allonges, their signatures are presumed authorized and plaintiff was not required to submit any proof of authorization (see CitiMortgage, Inc. v McKinney, 144 AD3d at 1074).
Considering the assignments of mortgage, bailee letter, allonges and Hughes's testimony, plaintiff demonstrated that it had been assigned the note in writing prior to commencement of the foreclosure action. Accordingly, plaintiff established that it had standing to prosecute this action. As defendants did not dispute their default, Supreme Court properly granted plaintiff the relief it sought (see Everhome Mtge. Co. v Pettit, 135 AD3d at 1055).
Garry, P.J., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the orders are affirmed, with costs.



Footnotes

Footnote 1: Other motions, not relevant here, were also decided (see 135 AD3d 1121 [2016]).

Footnote 2: Defendants have abandoned any arguments concerning the latter order, as no such arguments have been raised on appeal.

Footnote 3: After commencement of this action, plaintiff transferred the note and mortgage to another entity, which transfer is not at issue. Fay became the servicer for that entity but had not been the servicer for plaintiff or any prior holder of the note or mortgage.