Bank of N.Y. Mellon v Cort (2019 NY Slip Op 02598)





Bank of N.Y. Mellon v Cort


2019 NY Slip Op 02598


Decided on April 4, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 4, 2019

527092

[*1]THE BANK OF NEW YORK MELLON, Formerly Known as THE BANK OF NEW YORK, A NEW YORK BANKING CORPORATION, as Trustee, Appellant,
v
ROSALIE CORT et al., Defendants, and PAUL CORT, Respondent.

Calendar Date: February 14, 2019

Before: Clark, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Duane Morris LLP, New York City (Brett L. Messinger of counsel), for appellant.
Michelle F. Lee, The Legal Project, Albany, for Paul Cort, respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Koweek, J.), entered February 15, 2018 in Columbia County, which granted defendant Paul Cort's motion for summary judgment dismissing the complaint against him.
Defendant Paul Cort (hereinafter defendant) and defendant Rosalie Cort (hereinafter Cort) executed a note in favor of Encore Credit Corp. in the amount of $234,000. The note was secured by a mortgage on real property located in Columbia County in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Encore. In 2007, defendant and Cort subsequently entered into a loan modification agreement resulting in the consolidation of the present loan and another debt into a single lien in the amount of $257,994.94. MERS subsequently assigned the mortgage to CPT Asset-Backed Certificates, Series 2004-EC1 (hereinafter CPT). The assignment was later corrected to reflect that MERS, as nominee for Encore, assigned the mortgage to plaintiff, as trustee for CPT. In 2008, CPT commenced a mortgage foreclosure action against defendant, among others. CPT alleged in its verified complaint that it was "the holder of a note and mortgage being foreclosed," that defendant and Cort failed to make the required payment due in July 2007 and that it "elect[ed] to call due the entire amount secured by the mortgage." In 2009, Supreme Court (Donohue, J.) granted CPT an order of reference. CPT, however, did not seek a judgment of foreclosure and sale and, in 2016, Supreme Court (Zwack, J.) granted defendant's motion to dismiss the 2008 action as abandoned. In May 2017, plaintiff, as trustee of CPT, commenced this mortgage foreclosure action against defendant, among others, based upon defendant's failure to make the required payment that was due in July 2007. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him on the ground that it was barred by the [*2]statute of limitations. Supreme Court granted defendant's motion, prompting this appeal. We affirm.
The record discloses, and plaintiff does not dispute, that defendant met his initial burden of establishing that this action was untimely because it was commenced over six years after the debt was accelerated (see CPLR 213 [4]; Ventures Trust 2013-I-H-R v Chitbahal, 167 AD3d 682, 683 [2018]; Bank of Am., N.A. v Luma, 157 AD3d 1106, 1106-1107 [2018]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605-606 [2001]). In opposition, plaintiff contends that because CPT lacked standing to bring the 2008 action, the acceleration of the debt at that time was a nullity and, therefore, the statute of limitations period had yet to be triggered. A party has standing when, at the time of the action, it was "the holder or assignee of the mortgage and the holder and assignee of the underlying note" (Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [2016] [internal quotation marks and citation omitted]). In our view, the proof submitted by plaintiff failed to establish that CPT lacked standing to commence the 2008 action. We further note that the complaint in the 2008 action unequivocally stated that CPT was the holder of the note and the mortgage and included an attorney verification attesting that the statements therein were true. When defendant moved to dismiss the 2008 action on the ground of abandonment, the attorney's affirmation submitted in opposition thereto specifically stated that the note was transferred to plaintiff. Accordingly, we conclude that Supreme Court properly granted defendant's motion.
Finally, even if we agreed with plaintiff on this point, under the circumstances of this case, we find that defendant was entitled to dismissal of the complaint as a matter of equity (see generally Notey v Darien Constr. Corp., 41 NY2d 1055, 1055 [1977]). Throughout the 2008 action, it was represented that CPT was the holder of the note and mortgage and that specific representation was never challenged or corrected. In view of the foregoing and taking into account the close relationship between plaintiff and CPT, equity demands that plaintiff's complaint be dismissed. Plaintiff's remaining contentions have been examined and are without merit.
Clark, J.P., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.