Deutsche Bank Natl. Trust Co. v Mercure (2024 NY Slip Op 50153(U))

[*1]

Deutsche Bank Natl. Trust Co. v Mercure

2024 NY Slip Op 50153(U)

Decided on February 14, 2024

Supreme Court, Washington County

Muller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 14, 2024
Supreme Court, Washington County

Deutsche Bank National Trust Company, AS TRUSTEE FOR 
 AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-R1, Plaintiff,

against
Michael J. Mercure A/K/A MICHAEL JEREMY MERCURE and 
 MARIE D. TREVETT, Defendants.

Index No. EC2015-25362

McGlinchey Stafford PLLC, New York (Matthew J. Gordon, of counsel), for plaintiff
Sandra Poland Demars, Albany, for defendant Michael J. Mercure a/k/a Michael Jeremy Mercure

Robert J. Muller, J.

The facts of this matter are fully set forth in a prior decision of this Court and need not be repeated at length. As relevant here, on December 19, 2005 Ameriquest Mortgage Company issued a loan to defendants in the amount of $104,000.00. This loan was evidenced by a promissory note and secured by a mortgage on real property located at 40 William Street in the Village of Hudson Falls, Washington County. By assignment dated January 20, 2009 and recorded on February 13, 2009, the mortgage was assigned to plaintiff. Defendants subsequently defaulted on their payments under the terms of the loan documents and, on October 23, 2015, plaintiff commenced this foreclosure action. 
Defendants Michael J. Mercure and Marie D. Trevett served an answer with six affirmative defenses, including lack of standing.[FN1]
Plaintiff thereafter moved for summary judgment for the relief requested in the complaint, as well as the appointment of a referee and [*2]the removal of defendants John Doe # 1 through John Doe # 12 from the caption. By Decision and Order dated April 27, 2022, the motion was granted to the extent that John Doe # 1 through John Doe # 12 were removed from the caption.[FN2]
The motion was otherwise denied, however, with the Court finding that plaintiff failed to sufficiently demonstrate its standing. Presently before the Court is plaintiff's second motion for summary judgment and the appointment of a referee. Each aspect of the motion will be addressed ad seriatim. 
"A plaintiff can establish entitlement to summary judgment by producing evidence of the mortgage, the unpaid note and the defendant's default" (Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987 [3d Dept 2016]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [3d Dept 2015]; Wells Fargo Bank, NA v Ostiguy, 127 AD3d 1375, 1376 [3d Dept 2015]). With that said, "'[w]here . . . the issue of standing is raised as an affirmative defense, the plaintiff must also prove its standing in order to be entitled to relief'" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 738, quoting Wells Fargo Bank, NA v Ostiguy, 127 AD3d at 1376 [citations omitted]; see Wells Fargo Bank, N.A. v Walker, 141 AD3d at 987; Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152 [2d Dept 2015]).
"A plaintiff has standing in a mortgage foreclosure action 'where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced'" (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307 [3d Dept 2012], quoting Bank of NY v Silverberg, 86 AD3d 274, 279 [2d Dept 2011]; accord Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [3d Dept 2011]; CitiMortgage, Inc. v Rosenthal, 88 AD3d 759, 761 [2d Dept 2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1221 [3d Dept 2016], quoting Onewest Bank, F.S.B. v Mazzone, 130 AD3d 1399, 1400 [3d Dept 2015]; accord Bank of NY Mellon v Rutkowski, 148 AD3d 1341, 1341-1342 [3d Dept 2017]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2d Dept 2009]).
In its April 2022 Decision and Order, the Court stated as follows:
"Here, plaintiff has submitted the affidavit of Ronald E. Casperite, who is employed as a Senior Loan Analyst by PHH Mortgage Corporation (hereinafter PHH), plaintiff's servicer and attorney-in-fact. Attached to this affidavit are, inter alia, copies of the limited power of attorney authorizing PHH to act on plaintiff's behalf; the note; the mortgage, together with proof of recording; the assignment, together with proof of recording; and PHH's records relative to defendants' payments and the amount due and owing. "At the outset, the Court finds that plaintiff has submitted ample evidence of defendants' default under the loan documents. Indeed, there appears to be little dispute in this regard.
"Insofar as the issue of standing is concerned, Casperite states as follows:
'I have access to PHH's business records, including the business records for and relating to the subject loan, . . . . I make this affidavit based upon my review of those records relating to the [l]oan and from my own personal knowledge of how the records are kept [*3]and maintained. The [l]oan records are maintained by PHH in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with personal knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity. . . .
'Plaintiff is the owner and holder of the [n]ote and [m]ortgage and was the owner and holder of the [n]ote and [m]ortgage since prior to the date of commencement of this action. Additionally, [p]laintiff, through PHH, its servicer and attorney-in-fact, received the original [n]ote, indorsed in blank, on October 22, 2013, and physically possessed the original [n]ote, endorsed in blank, since that date. The original endorsed [n]ote has not been further transferred or assigned to any other entities. Plaintiff, through PHH, its servicer and attorney-in-fact, held the original endorsed [n]ote on October 23, 2015, which is the date that this action was commenced.'
"To the extent that the limited power of attorney authorizing PHH to act on plaintiff's behalf is dated June 17, 2019, these statements are insufficient to establish standing. Indeed, there is no proof that PHH was authorized to receive the original note on plaintiff's behalf on October 22, 2013, nor that it was authorized to hold the original note when the action was commenced on October 23, 2015. Under the circumstances, the Court finds that plaintiff has failed to make a prima facie showing of its standing through physical possession of the note (see Wells Fargo Bank, N.A. v Walker, 141 AD3d 986, 987-988 [3d Dept 2016]; U.S. Bank Trust, N.A. v Carpentier, 59 Misc 3d 1219[A], 2018 NY Slip Op 50629[U], *2 [Sup Ct, Clinton County 2018]; compare U.S. Bank N.A. v Tecler, 188 AD3d 1320, 1321-1322 [3d Dept 2020]; Bank of NY Mellon v Rutkowski, 148 AD3d 1341, 1342 [3d Dept 2017]).
"To the extent that standing may also be established by written assignment, the Court notes that the January 20, 2009 assignment transfers the "mortgage together with the certain note." That being said, however, it was executed by Citi Residential Lending, Inc. (hereinafter Citi [Residential]) as attorney-in-fact for Ameriquest [Mortgage Company], and a copy of the power of attorney authorizing Citi [Residential] to act on Ameriquest [Mortgage Company]'s behalf has not been submitted. As a result, the Court further finds that plaintiff has failed to make a prima facie showing of its standing by written assignment of the note (see U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d 1169, 1172 [3d Dept 2019]; JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1270 [3d Dept 2017]; Bank of NY v Silverberg, 86 AD3d 274, 281 [2d Dept 2011])" [April 2022 Decision and Order, at pp 3-5].
Here, there is once again no dispute relative to defendants' default under the loan documents — the sole issue is whether plaintiff has remedied the defects outlined above and succeeded in establishing its standing. 
In this regard, plaintiff has now submitted the affidavit of Benjamin Verdooren, also employed by PHH as a Senior Loan Analyst. Verdooren states, in pertinent part:
"Ameriquest [Mortgage Company] and Deutsche Bank National Trust Company . . . entered into a [P]ooling and [S]ervicing [A]greement dated as of February 1, 2006 whereby the parties created the [p]laintiff trust and Deutsche Bank [National Trust Company] was appointed as the trustee thereof . . . .
"The [l]oan records reflect that Citi Residential . . . was the prior servicer of the [l]oan on [*4]behalf of Ameriquest [Mortgage Company] with full authority to assign the [l]oan pursuant to a power of attorney dated October 31, 2007. The power of attorney was recorded in the Washington County Clerk's office on February 21, 2008 . . . .
"On January 20, 2009, Citi Residential, acting as attorney in fact for Ameriquest [Mortgage Company] pursuant to the 2007 power of attorney and in accordance with the directives in the [Pooling and Servicing Agreement], transferred the mortgage and note to [p]laintiff by written assignment dated January 20, 2009 and recorded in the Office of Washington County Clerk on February 13, 2009 . . . ." [Verdooren Affidavit, at ¶¶ 13-15].
Plaintiff has submitted a copy of the Pooling and Servicing Agreement, which identifies Ameriquest Mortgage Securities Inc. as the "Depositor," Ameriquest Mortgage Company as the "Master Servicer," and Deutsche Bank National Trust Company as the "Trustee" [Pooling and Servicing Agreement, attached as Exhibit "5" to Verdooren Affidavit, at p 1]. Plaintiff relies upon the following provision in support of its contention that it has standing:
"The Depositor, concurrently with the execution and delivery hereof, does hereby transfer, assign, set over and otherwise convey to the Trustee without recourse for the benefit of the Certificate holders all the right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor, in and to the Mortgage Loans identified on the Mortgage Loan Schedule, the rights of the Depositor under the Mortgage Loan Purchase Agreement, all other assets included or to be included in REMIC I, payments made to the Trustee by the Swap Administrator under the Swap Administration Agreement and the Swap Account" [Pooling and Servicing Agreement, attached as Exhibit "5" to Verdooren Affidavit, at p 79].
Plaintiff has further submitted an "excerpt from the Mortgage Loan Schedule identifying the [subject l]oan as part of the Trust" [Verdooren Affidavit, at ¶ 13]. This "excerpt" is 9 pages long. Each page is blank with the exception of one row of data organized into columns. One page lists "Michael Jeremy Mercure" in the "name" column and "40 William Street" in the "address" column [Mortgage Loan Schedule Excerpt, attached as Exhibit 6" to Verdooren Affidavit, at p 2]. Another page then lists "104000" in the "orig prin bal" column [Mortgage Loan Schedule Excerpt, at p 3]. The data on the remaining pages is largely unintelligible.
Finally, plaintiff has submitted a copy of the limited power of attorney — dated October 31, 2007 — whereby Ameriquest Mortgage Company appointed Citi Residential as its servicer and granted it the authority to, inter alia, execute "[t]he assignment of any [m]ortgage . . . and the related [m]ortgage [n]ote, in connection with the repurchase of the mortgage loan secured and evidenced thereby" [Limited Power of Attorney, attached as Exhibit "7" to Verdooren Affidavit, at p 2]. 
At the outset, the Court finds that the Pooling and Servicing Agreement fails to establish plaintiff's standing. In this regard, the provision relied upon by plaintiff references the assignment of mortgages held by the Depositor — which is Ameriquest Mortgage Securities, Inc. Not Ameriquest Mortgage Company, the original mortgagee relative to defendants' mortgage. While defendants' mortgage was perhaps otherwise assigned under the terms of the Pooling and Servicing Agreement, the Agreement is approximately 200 pages long and employs complex terminology exclusive to the mortgage industry. The Court does not have the time nor the [*5]expertise to glean any such information from the Agreement — nor has plaintiff pointed to any other provisions of the Pooling and Servicing Agreement that might be helpful in this regard.
The Court further finds that the excerpt of the Mortgage Loan Schedule is of little to no evidentiary value. Again, the Court is not familiar with what a Mortgage Loan Schedule to a Pooling and Servicing Agreement typically looks like — but this is nothing more than a screen shot. There is no reference to any Pooling and Servicing Agreement, nor any other indication where it came from. 
Turning now to the limited power of attorney given by Ameriquest Mortgage Company to Citi Residential, plaintiff has — on the surface — cured the defect outlined in the April 2022 Decision and Order, having now submitted a copy of the limited power of attorney. The problem, however, is that the limited power of attorney only grants the authority to assign in connection with the repurchase of a mortgage loan. Here, plaintiff has failed to demonstrate the repurchase of defendants' mortgage loan, with the applicability of the Pooling and Servicing Agreement unclear from the record. 
It appears that what plaintiff is trying to prove — and what it may ultimately be able to prove — is that the subject mortgage was conveyed to it via the Pooling and Servicing Agreement, and that an assignment was thereafter executed to memorialize the conveyance. Indeed, plaintiff has submitted more in support of this motion than it did in support of the last — but it has still fallen short. The evidence still remains lacking (see Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1025-1026 [3d Dept 2023]; U.S. Bank N.A. v Shaughnessy, 178 AD3d 1324, 1327-1328 [3d Dept 2019]). 
Briefly, it appears that plaintiff has largely abandoned its argument that it is entitled to standing based upon physical possession of the note. In this regard, Verdooren includes nothing relative to physical possession in his affidavit. To the extent that counsel for plaintiff states in his memorandum of law that plaintiff "was the holder at the time of commencement of this action as evidenced by its attachment of the [n]ote [indorsed in blank] to the [c]omplaint" [Gordon Memorandum of Law, at p 8]), it is submitted that such contention is wholly without merit. The Third Department has expressly held that "merely attaching the note with a blank indorsement to the complaint is not sufficient for plaintiff to meet its prima facie burden on the issue of standing or to prove plaintiff's possessory interest in the note; proof of actual possession is required (U.S. Bank Trust, N.A. v Moomey-Stevens, 168 AD3d at 1172).[FN3]

Inasmuch as plaintiff has failed to satisfy its initial burden of demonstrating its entitlement to summary judgment, there is no need to consider the opposition papers (see Vogler v Perrault, 149 AD3d 1298, 1299 [3d Dept 2017]). 
Under the circumstances, plaintiff's motion is denied in its entirety. To the extent that plaintiff is not entitled to summary judgment for the relief requested in the complaint, a referee cannot be appointed at this juncture.
While Mercure requests in his opposition that the action be dismissed based upon [*6]plaintiff's lack of standing, he has not demonstrated as a matter of law that plaintiff is without standing. Rather, there appears to be issues of fact in this regard. The Court therefore declines to search the record and grant summary judgment dismissing the action as against him (see CPLR 3212 [b]).
There exists one additional issue requiring discussion — namely, who is currently representing Trevett in this action. The Court was under the impression that Attorney Poland Demars was representing both Mercure and Trevett, as Robert M. Winn, Esq. filed an answer on behalf of both defendants in August 2018 and — since Attorney Poland Demars was substituted as counsel in July 2019 — plaintiff has served all papers on Attorney Poland Demars as counsel for both defendants. That being said, upon further review of the file maintained by the County Clerk, the Court discovered that the consent to change attorney form filed in July 2019 substituted Attorney Poland Demars as counsel for Mercure only. In this regard, the form provides that Attorney Poland Demars is being substituted for Attorney Winn "for the undersigned party," and only Mercure has signed. Indeed, Attorney Poland Demars confirmed during oral argument on February 2, 2024 that she only represents Mercure. It thus appears that Attorney Winn still represents Trevett — but he has not appeared for her since the consent to change attorney form was filed. 
All counsel — including Attorney Winn — are hereby directed to appear for a conference on April 12, 2024 at 10:00 A.M. via Microsoft Teams. This will also provide an opportunity to discuss the scheduling of a hearing on the issue of standing. 
Therefore, having considered NYSCEF document Nos. 3 through 6, and oral argument having been held on February 2, 2024 with Matthew J. Gordon, Esq. appearing on behalf of plaintiff and Sandra Poland Demars, Esq. appearing on behalf of defendant Michael J. Mercure, it is hereby
ORDERED that plaintiff's motion for summary judgment motion is denied in its entirety; and it is further
ORDERED that all counsel — including Robert M. Winn, Esq. — are hereby directed to appear for a conference on April 12, 2024 at 10:00 A.M. via Microsoft Teams. 
This Decision and Order has been e-filed by the Court. Counsel for defendant Michael J. Mercure is hereby directed to serve with notice of entry.[FN4]
 
Dated: February 14, 2024
Lake George, New York
ROBERT J. MULLER, J.S.C.
ENTER:

Footnotes

Footnote 1: By correspondence dated May 9, 2022, Attorney Poland Demers indicated that all affirmative defenses were being withdrawn except for the second affirmative defense alleging lack of standing.
Footnote 2: The Court notes that all parties have erroneously used the old caption in their motion papers.

Footnote 3: To the extent that the Second Department has held to the contrary — finding that attaching a copy of the note indorsed in blank to the complaint establishes prima facie that plaintiff has standing (see e.g. JPMorgan Chase Bank, N.A. v Roseman, 137 AD3d 1222, 1223 [2d Dept 2016]; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842 [2d Dept 2016]) — this Court is bound by the determination of the Third Department under the doctrine of stare decisis.

Footnote 4: To the extent that Robert M. Winn, Esq. is not a participating party on NYSCEF, he should be served with a copy of the Decision and Order via regular or electronic mail.